**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

NATIONAL CASUALTY COMPANY *

Plaintiff, *

v. * Civil Action No. AW-05-1992

LOCKHEED MARTIN CORPORATION, *

Defendant. *

******************************************************************************

**MEMORANDUM OPINION**

National Casualty Company ("Plaintiff" or "National Casualty") brings this suit for declaratory judgment against Lockheed Martin Corporation ("Defendant" or "Lockheed Martin") to resolve a dispute concerning the scope of coverage of the insurance policy issued by Plaintiff for Defendant's vessel the M/V Sea Slice (the "Policy"). On February 21, 2006, the Court issued a Memorandum Opinion and Order granting-in-part and denying-in-part Defendant's Motion for Judgment on the Pleadings. On May 1, 2007, Plaintiff filed a Motion for Leave to file a Second Amended Complaint. After receiving no opposition from Defendant, the Court granted the Motion on May 22, 2007. Thereafter, Defendant filed the pending Motion to Dismiss the Second Amended Complaint, or in the alternative, Motion to Reconsider Plaintiff's Motion for Leave (Paper No. 43). One week later, Plaintiff filed a Motion for Protective Order (Paper No. 44) and a Motion to Shorten Time for Defendant to Respond to the Motion for Protective Order (Paper No. 45).

The Motions are fully briefed. The Court has reviewed the entire record, including the pleadings and exhibits with respect to the instant motions. The Court held a telephonic hearing on the motions on July 16, 2007. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant Defendant's Motion for Reconsideration, deny Plaintiff's Motion for Protective Order, and deny-as-moot Plaintiff's Motion to Shorten Time.

## DISCUSSION

### Defendant's Motion for Reconsideration

Plaintiff filed its original Complaint on July 22, 2005 and its First Amended Complaint on September 23, 2005 seeking a judgment declaring the rights of the parties under an ocean marine insurance policy. In its Motion for Leave to file a Second Amended Complaint, Plaintiff sought to add claims for policy exclusion due to latent defect and want of due diligence, lack of fortuity, and breach of obligation of utmost good faith. The Court granted the motion primarily because Defendant did not respond to the motion in the time allowed by the Federal Rules of Civil Procedure. However, the Court's decision was predicated upon the assumption that Plaintiff, in filing its motion, had complied with this Court's Local Rules. Particularly, Local Rule 103.6(d) provides that "[b]efore filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel. Counsel shall state in the motion whether the consent of other counsel has been obtained." Local Rule 103.6(d) (D. Md. 2004). The primary basis for Defendant's request to dismiss the Second Amended Complaint or reconsideration of the motion for leave is that Defendant's attorney was not aware of the motion due to Plaintiff's counsel's failure to consult with defense counsel prior to filing the motion. In response, counsel for Plaintiff admits that he did not seek consent before filing the motion, explaining that his failure "was caused by an inadvertent error . . . as he did not consult the Local Rules prior to filing the motion." Resp. to Mot. To Dismiss at 6.

In addition to Plaintiff's violation of the Local Rules, the Court notes that its February 22, 2006 Scheduling Order set the date for amendment of pleadings at April 10, 2006. Plaintiff did not file its Motion for Leave to Amend until May 1, 2007, more than a year after the time to amend the pleadings had expired. Now that fact discovery has concluded in this case, the combination of the Local Rules violation and Plaintiff's late amendment is certainly prejudicial to Defendant. As such, the Court will

grant Defendant's motion for reconsideration.

**Plaintiff's Request for Leave to Amend**

In its request for leave to amend, Plaintiff seeks to add claims for policy exclusion due to latent defect and want of due diligence, lack of fortuity, and breach of obligation of utmost good faith. Plaintiff argues that policy coverage has always been an issue in this case. Plaintiff further argues that the lack of due diligence defense was "already in the case" as it was raised in Plaintiff's Answer to Defendant's counterclaim. In its Answer, Plaintiff raised several boiler plate affirmative defenses, including laches, waiver, estoppel, and lack of due diligence. However, it appears from the record that Plaintiff has not developed the lack of due diligence defense in discovery. Fact discovery has ended in this case and, according to the parties, the only remaining discovery matters are noted depositions of experts and two fact witnesses. Plaintiff is technically correct that due diligence is "already in the case" to the extent it was raised in Plaintiff's Answer. However, the Court will not permit further discovery on the issue now that discovery in this case has concluded.

With respect to the other proposed amendments, in its February 21, 2006 Memorandum Opinion and Order, the Court dismissed Plaintiff's First Amended Complaint insofar as it alleged that Defendant's claims under the Policy was time-barred. The Court left undisturbed Plaintiff's remaining claims that $718,945 represents the reasonable cost of repairs and that the Policy does not provide coverage for Defendant's claims for administrative expenses and legal fees. It was the Court's understanding that the only remaining questions in this case were fixing a price tag on the reasonable cost of repairs and the question of whether the Policy covered Defendant's legal fees and expenses. The proposed claims for policy exclusion were not before the Court. The Court agrees with Defendant that Plaintiff's additional claims regarding policy exclusion substantially alter the scope of this litigation. Because such a late expansion of the issues in this case is prejudicial to Defendant, the

Court will not grant Plaintiff's request. Therefore, after having reconsidered Plaintiff's Motion for Leave to Amend, the Court will deny the motion.[1]

**Plaintiff's Motion for Protective Order**

Plaintiff seeks a protective order precluding Defendant from inquiring into a claim in an unrelated lawsuit against Marisco, Ltd., a ship yard in Hawaii, for negligent repairs. Defendant claims that the relevance of its inquiries into the separate litigation is that Plaintiff claims Defendant should have accepted Marisco's repair bid rather than that of another company, Navatek, if Marisco's bid was lower. Defendant contends that since Plaintiff has sued Marisco for negligent repairs, Plaintiff knew or should have known that the company was incapable of repairing Defendant's vessel. By positing that Defendant should have accepted the lower bid of Marisco, Plaintiff has opened the door to questions about the ability of Marisco to effectively repair the vessel that is the subject of the instant litigation. Although the Court doubts that the unrelated lawsuit will ultimately have any evidentiary relevance, the Court believes that Defendant's inquiry is sufficient to satisfy the more liberal standard of relevancy for discovery purposes. *See The United oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 409 (D. Md. 2005). As such, Plaintiff's Motion for Protective Order will be denied.

**Plaintiff's Motion to Shorten Time**

Because Defendant consents to Plaintiff's Motion to Shorten Time, and did in fact respond to the motion within the shortened time period, the motion will be denied-as-moot.

**CONCLUSION**

For the reasons stated above, the Court will grant Defendant's Motion to Dismiss, deny Plaintiff's Motion for Protective Order, and deny-as-moot Plaintiff's Motion to Shorten Time. A

[1] The Court notes that Defendant has put forth what appears to be cogent arguments as to the futility of Plaintiff's additional claims. However, because the Court will deny Plaintiff's amendment, the Court need not reach the question of futility.

separate Order consistent with this Opinion will follow.

Date: July 18, 2007

/s/
Alexander Williams, Jr.
United States District Judge